# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THOMPSON MARA MAGINDE,<br>Petitioner, | Case No. 1:17-cv-736 |
| v. | Black, J.<br>Litkovitz, M.J. |
| U.S. ATTORNEY GENERAL, et al.,<br>Respondents. | **REPORT AND<br>RECOMMENDATION** |

On November 2, 2017, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). However, petitioner did not pay the filing fee or file a motion for leave to proceed without prepayment of fees.

On November 6, 2017, the Court issued a Deficiency Order requiring petitioner to pay the full $5.00 filing fee or to submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form within thirty (30) days. (*See* Doc. 2). Petitioner was further advised that "[i]f petitioner fails to comply with this Deficiency Order within the requisite 30-day period, this case shall be dismissed for lack of prosecution." (*Id.* at PageID 7). On November 21, 2017, the Deficiency Order was returned to the Court marked "return to sender not deliverable unable to forward." (Doc. 3).

On November 28, 2017, the Court issued a second Deficiency Order, noting that the November 6, 2017 Order was returned as undeliverable and directing the Clerk of Court to attempt to resend the Deficiency Order to petitioner at both the Butler County Jail and Morrow County Jail addresses.[1] On December 8, 2017 and December 11, 2017, the second Deficiency Order was returned to the Court from both locations, again marked as undeliverable. (*See* Doc.

---

[1] When petitioner initiated this action, petitioner indicated that he was detained at the Butler County Jail in Hamilton, Ohio. (*See* Doc. 1). In issuing the November 6, 2017 Deficiency Order, the Court noted that the online jail rosters for Butler County and the Morrow County Jails indicated that petitioner was at the Morrow County Jail. (*See* Doc. 2). The Clerk of Court was directed to send the Deficiency Order to petitioner at the Morrow County Jail. (*Id.*). In issuing the November 28, 2017 Order, the Court noted that petitioner was not on the online jail rosters for either Butler County Jail or Morrow County Jail. (*See* Doc. 5).

5, 6).

To date, more than thirty days after the Court's November 6, 2017 Order, petitioner has failed to respond to the Order or provide the Court with an updated mailing address.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the Order issued on November 6, 2017 or provide the Court with a notice of change of address, petitioner's petition for a writ of habeas corpus (Doc. 1) should be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 12/13/17

Karen L. Litkovitz
United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THOMPSON MARA MAGINDE,<br>Petitioner, | Case No. 1:17-cv-736 |
| v. | Black, J.<br>Litkovitz, M.J. |
| U.S. ATTORNEY GENERAL, et al.,<br>Respondents. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).